# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 97-2271 (HL) |
| SAPO CORPORATION, | ) | |
| ARNOLD BENUS, | ) | |
| SALVADOR SUAU, and | ) | |
| CONCHO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

WHEREAS, Plaintiff, the United States of America, on behalf of the Administrator of the

United States Environmental Protection Agency ("EPA"), filed a Complaint in this action against

defendants Sapo Corporation, Arnold Benus, Salvador Suau, and Concho Corporation,

(collectively, "Defendants"), alleging that Defendants violated Sections 301 and 402 of the Clean

Water Act, (the "Act"), 33 U.S.C. §§ 1311 and 1342;

WHEREAS, the Complaint alleges that Defendants violated Sections 301 and 402 of the

Act by discharging "pollutants," within the meaning of Section 502(6) of the Act, 33 U.S.C.

§ 1362(6), into the Caribbean Sea, a navigable water of the United States, from a waste water

treatment facility at the Copamarina Beach Resort in Caña Gorda Ward, Guanica, Puerto Rico




(the "Copamarina"), without a National Pollutant Discharge Elimination System ("NPDES")

permit;

WHEREAS, Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of

any pollutant into the navigable waters of the United States except in compliance with that

section and with other provisions of the Act, including Section 301(b), 33 U.S.C. § 1311(b), and

as authorized by and in compliance with the terms of any NPDES permit issued pursuant to

Section 402 of the Act, 33 U.S.C. § 1342, and the regulations promulgated thereunder;

WHEREAS, the United States alleges in its Complaint in this action that Defendants

discharged pollutants from their waste water treatment facility at the Copamarina into navigable

waters of the United States without an NPDES permit, in violation of the Act, on numerous days

since at least August 1993, and now asserts that such unlawful discharges extended thereafter on

a continuous basis until on or about September 16, 1997;

WHEREAS, the Complaint seeks to enjoin such discharge of pollutants into navigable

waters of the United States and require Defendants to pay civil penalties, as provided in 33

U.S.C. § 1319 and the inflation penalty adjustment provision of the Debt Collection

Improvements Act of 1996, 31 U.S.C. § 3701;

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement

of the United States' civil claims under the Act as set forth in the Complaint;

WHEREAS, Defendants' entry into this Consent Decree with the United States does not

constitute any admission of liability by the Defendants with respect to the allegations in the

Complaint;

- 2 -

WHEREAS, the United States and Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is an appropriate means of resolving the United States' civil claims under the Act against the Defendants in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' civil claims against Defendants in this case, and that this Consent Decree is in the public interest and is consistent with the Act and all other applicable federal laws.

THEREFORE, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Section 309(b) of the Act, 33 U.S.C. § 1319(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395 and Section 309(b) of the Act, 33 U.S.C. §.1319(b).

## II. PARTIES BOUND

2.     This Consent Decree shall apply to and be binding upon the United States and upon Defendants, their officers, directors, agents, employees and servants, and their successors and assigns, and any person, firm, association or corporation who is, or will be, acting in concert or participation with any of the Defendants, whether or not such person has notice of this Consent Decree.  In any action to enforce this Consent Decree against the Defendants, the Defendants shall not raise as a defense the failure of any of their officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or

participation with the Defendants, to take any actions necessary to comply with the provisions of this Consent Decree.

### III. SCOPE OF CONSENT DECREE

3.      This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against Defendants under Sections 301 and 402 of the Act.  This Consent Decree has no effect upon any claims or causes of action the United States may have against any of the Defendants, whether civil or criminal, other than those civil claims specifically asserted in the Complaint.  Each of the parties expressly reserves any and all rights, claims, causes of action, demands and defenses, whether civil or criminal, other than those civil claims specifically asserted in the Complaint and resolved by this Consent Decree.

4.      Nothing in this Consent Decree shall have any effect upon any criminal allegations that may be asserted against any of the Defendants by the United States with respect to operation of the Copamarina, its waste water treatment facility, or otherwise, nor shall this Consent Decree release any of the Defendants from any criminal liability with respect to operation of the Copamarina, its waste water treatment facility, or otherwise.

5.      Defendants' obligations under this Consent Decree are joint and several.

6.      This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the Act, 33 U.S.C. §§ 1342 or 1344, or any other law.

7.    This Consent Decree in no way affects or relieves Defendants of their responsibility to comply with any applicable federal, Commonwealth, or local law, regulation, or permit.

8.    This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

9.    The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree.

10.    Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV.  PERMANENT INJUNCTION

11.    Defendants and their officers, directors, agents, employees, successor and assigns are permanently enjoined from discharging any "pollutant," within the meaning of Section 502(6) of the Act, 33 U.S.C. § 1362(6), from the waste water treatment facility or any other facility or source at the Copamarina into waters of the United States, unless such discharge fully complies with the provisions of the Act and its implementing regulations.

## V.  CIVIL PENALTY

12.    Defendants shall pay a civil penalty to the United States in the amount of Two Hundred Thousand Dollars ($200,000) within thirty (30) days of the Effective Date of this Consent Decree.  Interest at the statutory rate established under 28 U.S.C. § 1961 shall begin to accrue on any unpaid balance of the $200,000 civil penalty on the 31st day after the Effective Date of this Consent Decree, and shall continue to accrue through the date Defendants make full payment of all amounts required by this Consent Decree.  Such interest shall be compounded

annually. Alternatively, Defendants shall pay a civil penalty to the United States in the amount of Two Hundred Thousand Dollars ($200,000) plus applicable interest charges through four quarterly payments, as follows:

 a. Defendants shall make an initial principal payment of $50,000 to the United States within 30 days from the Effective Date of this Consent Decree, and shall thereafter make three additional quarterly payments of $50,000 each plus accrued interest on the unpaid balance not later than the 15th day of the fourth, eighth, and twelfth month following the month in which the initial payment of $50,000 plus accrued interest is due.

 b. Interest at the statutory rate established under 28 U.S.C. § 1961 shall begin to accrue on the unpaid balance of the $200,000 civil penalty on the 31st day after the Effective Date of this Consent Decree, and shall continue to accrue through the date Defendants make full payment of all amounts required by this Consent Decree. Such interest shall be compounded annually.

 c. Defendants shall not be subject to any monetary pre-payment penalty for early payment of amounts due under the terms of this Consent Decree.

 13. Defendants shall make all of the above-referenced payments of principal and any accrued interest by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing U.S. EPA Region II, and DOJ case number 90-5-1-1-4471. Payment shall be made in accordance with instructions provided to the Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Puerto Rico. Any payment received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

14.     Upon each payment toward the civil penalty required by this Consent Decree,

Defendants shall provide written notice to the addressees specified in Section VIII of this

Consent Decree, that such payment was made in accordance with Paragraph 13.

## VI. STIPULATED PENALTIES

15.     After the entry of this Consent Decree, if Defendants fail to comply with the

permanent injunction imposed by Paragraph 11, or fail to pay the civil penalty due to the United

States in accordance with Paragraphs 12 and 13, then Defendants shall pay stipulated penalties to

the United States.  Unless reduced by the United States at its unreviewable discretion, the amount

of such penalties shall be as follows for each such incident of noncompliance with this Consent

Decree:

| | | |
|---|---|---|
| a.. | For Day 1 up to and including Day 30 of noncompliance | $500 per day |
| b. | For Day 31 up to and including Day 60 of noncompliance | $1,000 per day |
| c. | For Day 61 and beyond of noncompliance | $2,000 per day |

Such payments shall be made without demand by the United States on or before the last day of

the month following the month in which the stipulated penalty accrued.  Stipulated penalties

shall continue to accrue from the first day of any failure or refusal to comply with the

requirements of this Consent Decree until payment in full by Defendants as provided in this

Section.

16.    Stipulated penalties shall be paid in accordance with the provisions for payment of civil penalties as specified in Paragraph 13. Stipulated penalties shall include interest on the principal amount of the stipulated penalties at the statutory rate established under 28 U.S.C. § 1961 and computed from the due date until the date of payment. Such interest shall be compounded annually. Upon payment of any stipulated penalties, Defendants shall provide written notice to the addressees specified in Section VIII of this Consent Decree.

## VII. ACCELERATION OF PAYMENT OBLIGATIONS

17.    If any of the Defendants files a voluntary petition in bankruptcy, becomes the subject of any involuntary petition in bankruptcy, or makes a general assignment for the benefit of creditors before the Defendants have fulfilled all payment obligations under this Consent Decree, then all such payment obligations shall be accelerated and shall immediately become due and payable in full to the United States on the date of filing of the bankruptcy petition or making of the assignment.

## VIII. NOTICES

18.    Whenever any notice, payment, report or other document is to be forwarded  by one party to another in carrying out the terms of this Consent Decree, it shall be directed to the following addressees unless the sending party has been advised by the receiving party that such notice or report should be forwarded to a different individual or address. Any such materials shall include a reference to the name, caption and civil action number of this action.

As to EPA:

Chief, Water Permits & Compliance Branch
United States Environmental Protection Agency
Region II
290 Broadway
New York, New York  10007-1866

As to the U.S. Department of Justice:

Chief, Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
DOJ # 90-5-1-1-4471

As to the United States Attorney:

United States Attorney
District of Puerto Rico
Federal Office Building, Room 452
Carlos E. Chardon Avenue
Hato Rey, Puerto Rico  00918

As to Defendants:

Jorge L. Arroyo Alejandro
Suite 201, Metroparque VII
First Street, Metro Office Park
Guay Nabo, Puerto Rico 00968

Delivery shall be considered complete upon deposit of the pertinent material in the U.S. mail.

## IX. COSTS OF SUIT

19.     Each party to this Consent Decree shall bear its own costs and attorney fees in this

action.  Should Defendants subsequently be determined by the Court to have violated the terms

or conditions of this Consent Decree, Defendants shall be liable to the United States for any

costs, attorney fees, or other expenses incurred by the United States in any action against

Defendants for noncompliance with or enforcement of this Consent Decree.

## X. PUBLIC COMMENT

20.     The parties acknowledge that after the lodging and before the entry of this

Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R.

§ 50.7, which provides for public notice and comment.  The United States reserves the right to

withhold or withdraw its consent to the entry of this Consent Decree if the comments received

disclose facts which lead the United States to conclude that the proposed judgment is

inappropriate, improper, or inadequate.  The Defendants agree to entry of this Consent Decree

without further consent.

## XI. CONTINUING JURISDICTION

21.     This Court shall retain jurisdiction over this action in order to enforce or modify

the Consent Decree consistent with applicable law or to resolve any disputes arising hereunder as

may be necessary or appropriate for construction or execution of this Consent Decree.  During

the pendency of this Consent Decree, any of the parties may apply to the Court for any relief

necessary to construe and effectuate the Consent Decree.

## XII. MODIFICATION

22.     Upon its entry by the Court, this Consent Decree shall have the force and effect of

a final judgment.  Any modification of this Consent Decree shall be in writing and shall not take

effect unless signed by both the United States and all Defendants and approved by the Court.

## XIII. **EFFECTIVE DATE**

23.    This Consent Decree shall be effective upon the date of its entry by the Court.


**IT IS SO ORDERED.**

Dated and entered this __18th__ day of __August__ , 2000.

_____

HECTOR LAFFITTE

CHIEF UNITED STATES DISTRICT JUDGE

The undersigned Parties enter into this Consent Decree in the matter of <u>United States of America v. Sapo Corporation, et al.</u>, No. 97-2271 (HL):


FOR PLAINTIFF THE UNITED STATES OF AMERICA:


Date: _7-28-2000_

_____
JOEL M. GROSS
Chief
Environmental Enforcement Section
Environment and Natural Resources
  Division
U.S. Department of Justice


Date: _Aug. 15, 2000_

_____
GEORGE A. B. PEIRCE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
  Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-2800

Date: _8\1\00_


WALTER E. MUGDAN
Regional Counsel
United States Environmental
  Protection Agency
Region II
290 Broadway
New York, New York  10007-1866


Date: _07/26/00_


SILVIA L. CARREÑO
Assistant Regional Counsel
Office of Regional Counsel
Caribbean Environmental Protection Division
United States Environmental
  Protection Agency
Centro Europa Building- Suite 207
1492 Ponce de Leon Avenue, Stop 22
San Juan, Puerto Rico 00907- 4127

- 13 -

FOR DEFENDANT SAPO CORPORATION:

Date: _____7-13-2000_____

ARNOLD BENUS
President
P.O. Box 805
Guanica, Puerto Rico 00653

FOR DEFENDANT ARNOLD BENUS:

Date: _____7-13-2000_____

ARNOLD BENUS
Avenue Ashford 880
Piso G-3
Condado, Puerto Rico 00907

FOR DEFENDANT SALVADOR SUAU:

Date: _____7-13-00_____

SALVADOR SUAU
PO Box 805
Guánica, Puerto Rico 00653

FOR DEFENDANT CONCHO CORPORATION:

Date: _____7-13-2000_____

ARNOLD BENUS
President
P.O. Box 805
Guanica, Puerto Rico 00653