IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 97-2271 (HL) |
| ) | |
| SAPO CORPORATION, ) | |
| ARNOLD BENUS, ) | |
| SALVADOR SUAU, and ) | |
| CONCHO CORPORATION ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION OF THE PARTIES TO VACATE PRIOR ORDER AND ENTER CONSENT DECREE

Plaintiff, the United States of America, and defendants Sapo Corporation, Arnold Benus, Salvador Suau, and Concho Corporation, by their undersigned counsel, respectfully move the Court to approve the Consent Decree lodged in this action on August 17, 2000, and enter the Consent Decree as the final judgment in this case, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure. On August 18, 2000, prior to submission of this motion, the Court signed and entered the lodged Decree, but that was prior to completion of the 30-day period of public notice and comment required by 28 C.F.R. § 50.7 that must precede the government's request for entry of such a Decree. Consequently, the parties respectfully move for vacatur of the prior entry and approval and entry of the Consent Decree pursuant to this motion. Because this is a joint motion of all the parties and raises no controverted issues of law or fact, it contains a concise statement




of reasons in support thereof in lieu of a separate brief, consistent with Rule 311.2 of the Local Rules of this Court.

The Consent Decree resolves the United States' civil claims in its Complaint against the defendants, brought pursuant to Section 402 of the Clean Water Act ("Act"), 33 U.S.C. § 1342. The Complaint, filed in 1997, alleges that defendants discharged pollutants into waters of the United States at the Copamarina Beach Resort in Cana Gorda Ward, Guanica, Puerto Rico, without a National Pollutant Discharge Elimination System ("NPDES") permit from the U.S. Environmental Protection Agency, in violation of Sections 301(a) and 402 of the Act, 33 U.S.C. §§ 1311(a) and 1342. In particular, the United States asserts that defendants discharged effluent from a wastewater treatment facility at the Copamarina into the Caribbean Sea without a NPDES permit on numerous occasions between August 1993 and September 1997. The United States' Complaint seeks imposition of civil penalties and injunctive relief against the defendants as remedies for the alleged violations.

In accordance with the terms of the Consent Decree, and without admitting any liability to the United States, the defendants have agreed to pay the United States a civil penalty of $200,000. In addition, the Consent Decree permanently enjoins defendants from discharging pollutants from any facility or source at the Copamarina into waters of the United States, unless such discharge complies with the provisions of the Clean Water Act and its implementing regulations.

Consistent with federal regulations, 28 C.F.R. § 50.7, the Consent Decree was previously lodged with the Court pending a 30-day period of public notice and comment through

publication of a notice of its principal terms and conditions in the Federal Register.[1] That notice and comment period has expired, and the Department of Justice has not received any public comments concerning the Consent Decree. Thus, there is no stated public opposition or objection to entry of the Consent Decree.

The Consent Decree was negotiated by the parties in good faith, and its entry will avoid prolonged and costly litigation. The terms and conditions of the Consent Decree are fair, reasonable, consistent with the goals and purposes of the Clean Water Act, and in the public interest. Accordingly, the parties respectfully request that the Court grant this motion to VACATE its prior entry of the Consent Decree and APPROVE and ENTER the Decree, pursuant to this motion, as the final judgment in this case.

IT IS SO ORDERED, this _17_ day of October, 2000.

_____
HON. HECTOR LAFFITTE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Federal Register notice was published on August 30, 2000, in Vol. 65, No. 169, at page 52789.

3

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: Oct. 10, 2000

_____
GEORGE A. B. PEIRCE
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-2800
Fax: (202) 616-2427

OF COUNSEL:

SILVIA CARRENO
Assistant Regional Counsel
Caribbean Environmental Protection Division
U.S. Environmental Protection Agency
Centro Europa Building, Suite 207
1492 Ponce de Leon Avenue
San Juan, Puerto Rico 00907-4127

<table>
<tr><td>Date: October 11, 2000</td><td>FOR DEFENDANTS SAPO CORPORATION,<br>ARNOLD BENUS, SALVADOR SUAU, AND<br>CONCHO CORPORATION:<br><br>_____<br>JORGE L. ARROYO ALEJANDRO<br>USDC No. 201214<br>Suite 201, Metroparque VII<br>First Street, Metro Office Park<br>Guay Nabo, Puerto Rico 00968<br>Tel: (787) 783-0505<br>Fax: (787) 783-2045</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of October, 2000, I caused the original of the foregoing Joint Motion of the Parties to Vacate Prior Order and Enter Consent Decree to be dispatched by Federal Express for delivery to counsel for the defendants, Jorge L. Arroyo Alejandro, Esq., as addressed above, for his approval, signature, and filing with the Court.

_____
GEORGE A. B. PEIRCE
Trial Attorney
U.S. Department of Justice
Attorney for the United States

5